# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

### Appeal No. 22-40442



BRIAN CHANCEY,

*Plaintiff-Appellant,*

v.

BASF CORPORATION

*Defendant-Appellee.*

On Appeal from the United States District Court

For the Southern District of Texas, Galveston

Civil Action File:  3:22-cv-34

## APPELLANT'S OPENING BRIEF

Brian Chancey, in *Propria Persona*
3117 Encino Avenue
Bay City, Texas  77414

**PLAINTIFF-APPELLANT'S CERTIFICATE OF INTERESTED PERSONS**

**AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 16.1 and 5th Cir. R. 28.2.1, Appellant Brian Chancey certifies that the following persons and entities are known to Appellant to have an interest in the outcome of this case or appeal:

1. BASF Corporation (Appellee)
2. Jeffrey Vincent Brown  (U.S. District Judge)
3. Brian Chancey, (*pro se* Appellant)
4. Ogletree, Deakins, Nash, Smoak & Stewart, P.C. (Appellee's counsel)
5. Carolyn Russell (Appellee's counsel)
6. Ryan Swink (Appellee's counsel)

# STATEMENT REGARDING ORAL ARGUMENT

Appellant Brian Chancey, pursuant to Federal Rule of Appellate Procedure 34(a) and the Fifth Circuit Rule 34.2, does not request oral argument.  The facts and legal arguments are adequately presented in the briefs.

## Table Of Contents                                                Page

Table of Authorities ..............................................………...................................…. 5

Statement of Subject Matter and Appellate Jurisdiction............................…….........6

Standard of Review ................................................................................…... 7

Statement of the Issues ……............................................................................ 8

     I. Whether the District Court "Covid policy", which is nearly identical to the defendant's and which gave rise to the complaint, creates a substantial prejudice requiring the advice and counsel of a Special Master, such as an ADA advocate.

     II.   Whether the District Court, by denying the request for a Special Master made an order which disposes of the claims of the case and has the effect of a final order.

Statement of the Case..............................................................................…... 8

Statements of Fact.....................................................................................…. 9

Argument and Authorities.........................................................................…..… 9

Conclusion.............................................................................................…...16

Certificates of Compliance and Service ..............................…....................…… 17

Appendix...........................................................................................…........ 18

# TABLE OF AUTHORITIES

**Cases**

1) *Bankers Life Casualty Co. v. Holland*,
   346 U.S. 379 ..................... 10

2) *Parr v. United States*,
   351 U.S. 513 ..................... 10

3) *Stockbridge Iron Co. v. Cone Iron Works*,
   102 Mass. 80, 87-90 ..................... 10

4) *Kimberly v. Arms*,
   129 U.S. 512, 523 ..................... 11

5) *Heirs of P.F. Dubourg de St. Colombe v. United States*,
   32 U.S. 625 (1833) ..................... 11

6) *Chicago, Milwaukee St. Paul Ry. Co. v. Tompkins*,
   176 U.S. 167, 180 ..................... 11

7) *United States Department of Defense*,
   848 F.2d 232, 236 (D.C. Cir. 1988) ..................... 11

8) *Curtiss–Wright Corp. v. Gen. Elec. Co.*,
   446 U.S. 1, 10 (1980) ..................... 12

# JURISDICTION STATEMENT

This Court has original and exclusive jurisdiction under Title I of the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act Amendments Act of 2008; 42 U.S.C. §12101 and 42 U.S.C. §12112(a), (b) and (d)(4) as it pertains to "Discrimination"; as implemented by 29 CFR § 1630.2; §1630.4; §1630.5; §1630.13 and 1630.14(b)(3), (c) & (d) as it pertains to adverse employment actions, employers and medical examinations and interventions.

Venue is proper in the Fifth Circuit of Appeals pursuant to 28 U.S.C. §1391(b)(2) because Plaintiff-Appellant resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

The incidents and facts giving rise to this complaint have occurred within the last one hundred eighty days. The Defendant-Appellee has no immunity in the above captioned matter.

The District Court, by denying the request for a Special Master, made an order which disposes of the claims of the case, has the effect of a final order and gives rise to the need for this interlocutory appeal.

# STANDARD OF REVIEW

## I. Abuse of discretion, Lack of legal merit, Lack of evidence

The order lacked vital evidence by failing to deny plaintiff's allegation that exceptional conditions exist. The court compounded this error by failing to answer plaintiff's request for findings of fact and conclusions of law which plaintiff made in his motion to vacate the order.

In fact this court continues to administer the "Covid policy" even after this Court's Tampa division ruled in *Health Freedom Defense Fund, Inc v Biden* that the CDC has no authority to impose universal mitigation measures and therefore cannot confer any authority on any other entities. This demonstrates that the "Covid policy" orders are erroneous and are being administered in a capricious and arbitrary manner which lacks legal merit and is not in compliance with the ADA.

## II. Interlocutory Appeal under FRCP 53

Judge Brown failed to correctly interpret the rule.

"… a court may appoint a master only to: … (B) ….make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by: (i) some exceptional condition."

## STATEMENT OF THE ISSUES

I. Whether the District Court "Covid policy", which is nearly identical to the defendant's and which gave rise to the complaint, creates a substantial prejudice requiring the advice and counsel of a Special Master, such as an ADA advocate.

II. Whether the District Court, by denying the request for a Special Master made an order which disposes of the claims of the case and has the effect of a final order.

## STATEMENT OF THE CASE

On the date of April 12, 2022 plaintiff filed a motion to resolve the court's conflict of interest by appointing a special master under rule 53 and asked that a neutral party, such as a certified ADA Advocate, be engaged to review all claims of ADA violations and exemptions. Plaintiff identified that an "exceptional condition" exists in which the court itself was promoting the same "Covid policies" as the defendant and was receiving disaster relief compensation and subsidies for practicing these illegal policies, and cannot therefore be expected to act impartially. The court denied the request on June 15, 2022. No explanation has been given to the plaintiff despite his request for findings of fact and conclusions of law supporting the order contained in his July 2022 motion to vacate the order.

The court itself is required to have an ADA Administrator on staff however the "Covid policy" has not been vetted for ADA compliance to determine whether the

court is violating Section 504 of the Rehabilitation Act of 1973 when it imposed and implemented the same discriminatory policies.  Currently the court is demonstrating the same prejudice and in-house bias as the defendant by having a "separate but equal" policy that violates the law in the same way that the defendant violates the law.

## STATEMENTS OF FACT

These court's policies and the defendant's policies both discriminate based upon the wild speculation that everyone has a disability (contagious disease) and must submit to non-job-related mitigation measures; and be treated for an un-assessed disability without regard for informed consent and without any evidence or diagnosis.

Plaintiff's complaint states that even with such evidence, these medical interventions cannot be imposed upon anyone without judicial approval based upon actual evidence such as a medical diagnosis  (individualized assessment under the criteria set forth in the Americans with Disabilities Act).  No laws have changed; and claiming there is a pandemic is not a defense to violating federal and state disability laws, public health policy, due process and one's medical privacy rights.

## ARGUMENT AND AUTHORITIES

The court's "Covid policy" and the defendant's "Covid policy" are essentially identical and both the defendant and the court are receiving "disaster relief funds" from the same or similar sources for imposing these illegal policies. The plaintiff identified

this issue to the court previously in his motion resolve the court's conflict of interest and appoint a special master.  The plaintiff included various copies of the court's "Covid policy" in place at the time of the plaintiff's motion and this appeal includes current updated orders which show that the policy is still in effect.

In fact the errors in law have been compounded by the May 10, 2022 order and the court still fails to recognize its duties under the ADA.  Instead of instructing all divisions to maintain ADA compliance, it now allows all divisions to decide their own "Covid policy" and even allows individual judges to decide the "Covid policy" for their courtrooms without any instruction on ADA compliance. The last sentence on the May 10, 2022 order effectively nullifies all the sentences above it because it states that all divisions are free to ignore the May 10, 2022 order and create their own "Covid policy".  The court is thus perpetuating its own ADA violations and has not claimed any exemption to the ADA in its orders.

The May 10, 2022 district court order allows divisions to make their own vaccination policies rather than recognizing that non-job-related medical inquiries and treatments are not in compliance with the ADA.  Three day later on May 13, 2022, Houston division filed its own order which maintains employee vaccination requirements on the basis of un-assessed disability, and it still has statewide video trials and e-signing in place on the basis of un-assessed disability.   The state magistrate judges have all signed an order, which is still in effect, requiring isolation in

court and refusing admittance to anyone who has a temperature or the sniffles, even if they have no diagnosis of "Covid". The Laredo court has judges who regularly convene zoom "star chambers" which refuse access to the public and require plaintiff's to have access to technology in order to have a hearing.

It is not difficult to see why the District Court dismissed Plaintiff-Appellant's motion to appoint a special master; thereby denying the Plaintiff-Appellant access to available judicial remedies for the redress of the Plaintiff-Appellant's grievances.

Undoubtedly, the District Court's behavior was rooted in the fact that it also practiced the same intentionally discriminatory "Covid policies" on which Plaintiff-Appellant's complaint against Defendant-Appellee was based. In dismissing Plaintiff-Appellant's motion to appoint a special master, the court denied Plaintiff-Appellant access to the remedies, services, programs, and activities provided by the District Court, because the District Court is also discriminating against Plaintiff-Appellant based on Plaintiff-Appellant's perceived disability, thus potentially violating Section 504 of the Rehabilitation Act of 1973 which is how the ADA is applied to the court.

Based upon the facts in the case demonstrating very clearly that there are exceptional conditions. The facts satisfied the criteria for FRCP 53(a)(1)(B)(i) and Judge Brown abused his discretion by ignoring those facts and denied the motion. The set of facts are very clear that the court was engaged and is still engaged in the same illegal policies as the defendant, which gave rise to this complaint. The Court's

"Covid policy" requires non-job-related medical interventions and does not require an individualized assessment or offer an opt-out based upon ADA.

In the exceptional circumstances of the following case, the Court of Appeals properly exercised its discretionary power to issue the writs of mandamus, since it was justified in finding that the orders of reference were an abuse of petitioner's power under Rule 53(b), amounting to little less than an abdication of the judicial function and depriving the parties of trials before the court on the basic issues involved in the litigation. *Bankers Life Casualty Co. v. Holland*, 346 U.S. 379, and *Parr v. United States*, 351 U.S. 513.

> (a) The use of masters is to aid judges in the performance of specific duties as they arise in the progress of a cause — not to displace the court. P. 256.

Courts have the inherent power to provide themselves with appropriate instruments required for the performance of their duties. See *Stockbridge Iron Co. v. Cone Iron Works*, 102 Mass. 80, 87-90. This power includes authority to appoint persons unconnected with the court to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause.

It is well within the court's purview to appoint a special master with instruction to retain and consult with a certified ADA advocate and thereby advise the court accordingly. The plaintiff is not seeking to displace the court.

In the case of *Kimberly v. Arms*, 129 U.S. 512, 523 it is shown that the judge has the discretion to ask for the aid that the judge requires and in fact "it is the better practice to refer the matter to a special master or commissioner than for the judge to undertake to perform the task himself." *Heirs of P.F. Dubourg de St. Colombe v. United States*, 7 Pet. 625; *Chicago, Milwaukee St. Paul Ry. Co. v. Tompkins*, 176 U.S. 167, 180. In fact it is the plaintiff's contention refusing to ask for necessary aid constitutes an abuse of discretion.

*United States Department of Defense*, 848 F.2d 232, 236 (D.C. Cir. 1988) discussed that, "it is within the discretion of the trial court to designate a special master to examine documents and evaluate an agency's contention of exemption. This special master would not act as an advocate; he would, however, assist the adversary process by assuming much of the burden of examining and evaluating voluminous documents that currently falls on the trial judge." This is specifically pertinent to this case where the plaintiff has argued that the defendant never claimed a valid exemption to the ADA, an ADA advocate can verify this fact, without an exemption in place, the defendant is required to provide equal access.

The special combination of the circumstances of this case fit well within the criteria of what constitutes an "exceptional condition". See also FRCP. 53 advisory committee note ("such masters may prove useful when some special expertise is desired"). This case requires the assistance and specialized expertise of a Certified ADA Advocate.

Additionally, under Rule 54(b), when an action presents more than one claim for relief, a district court "may direct the entry of a final judgment as to one or more, but fewer than all, claims upon determination that 'there is no just reason for delay.'" *See also Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980).

In deciding a Rule 54(b) motion, a court must first find that there has been a final judgment. A disposition is considered to be final if there has been a decision upon a cognizable claim for relief, and if it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Alex Morgan, et al. v. United States Soccer Federation, Inc.*, C.D. Cal. 2020.

Judge Brown's dismissal of the request for Special Master has every appearance of being a final judgement because the decision affects the plaintiff's claim for relief. The Judge's refusal to appoint a Special Master demonstrates his refusal to acknowledge that the court's "Covid-19 policy" is identical the "Covid-19 policy" of the defendant and that both policies have ADA violations inherent in them. This amounts to a conflict of interest. How can a judge rule in favor of the plaintiff if it

- 14 -

implements a policy which has the same violations and is identical to the one that is challenged in plaintiff's claim? The Order thus affects the plaintiff's claim for relief since Judge Brown has shown that he continues to support and impose the court's own "Covid-19 policy", even when the Florida District court ruling has struck these policies down because they lack authority and do not fulfill the requirement of an individualized assessment. These are specific arguments that the plaintiff raises in his claim for relief. If the Judge refuses to acknowledge his legal duty to follow the findings of Mizelle's ruling then Judge Brown is biased or lacks a comprehensive understanding of the ADA, and is not basing his order on recognized legal precedent.

As well, if a court determines that the disposition is final, then it must then ascertain whether there exists "no just reason for delay." Fed R. Civ. P. 54(b). In doing so, it takes "into account judicial administrative interests as well as the equities involved." *Curtiss–Wright Corp.*, 446 U.S. at 8.

There is no just reason for delay because the District court has already made a ruling that the mitigation measure of masks is not based on any legal enforcement authority from the CDC and further could never be imposed without first satisfying the requirement of performing an individual assessment. These are both issues argued in the plaintiff's case which this court has been ignoring without any legal basis. This is further demonstrated by the court postings on the court website and through signed

special orders that impose masks and other mitigation measures on the public and employees of the court even to this day. Thus there is no reason to delay.

Finally, it must be stated that the motion to appoint a special master never sought to replace the court. The plaintiff simply wants an impartial jurist who is not promoting the same illegal policies as the defendant. The various Southern District orders involving its "Covid policy" fail to mention any legitimate exemptions to the ADA when it imposes mitigation measures that violate the ADA. Thus, the court appears to be ignoring ADA exemption requirements and its own ADA violations. The plaintiff desires the Judge to avail himself of the specialized expertise that a neutral party, such as a certified ADA Advocate, could provide based upon evidence that the court itself is not compliant with the ADA.

## CONCLUSION

For the reasons herein the judge's decision constitutes an abuse of discretion and should be reversed and a special master engaged.

WHEREFORE the appellant requests an order reversing the trial court's decision and remanding it to trial court for further proceedings.

DATED this _5_ day of October, 2022.

Brian Chancey, Appellant

## CERTIFICATE OF COMPLIANCE

I, Brian Chancey, do certify the following:

1. This document complies with FRAP 32(a)(7)(B) because, excluding parts of the document exempted by FRAP 32(f) this document contains 2,224 words.

2. This document complies with FRAP 32 (a)(5) and (6) because this document has been prepared using Times New Roman font in 14-point.

By: _____

## CERTIFICATE OF SERVICE

I, Brian Chancey, hereby certify that a true and correct copy of the foregoing was duly served upon the defendant's attorneys Carolyn Russell and Ryan Swink both at the address of One Allen Center, 500 Dallas Street, Suite 3000; Houston, Texas 77002 via first class mail on this 5 day of October, 2022.

I further certify that seven true and correct copies of the foregoing was duly served upon the Fifth Circuit Court of Appeals at the address of 600 S. Maestri Place, Suite 115; New Orleans, LA 70130-3408 via first class mail on this 5 day of October, 2022.

By: _____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

### Appeal No. 22-40442

BRIAN CHANCEY,

*Plaintiff-Appellant,*

v.

BASF CORPORATION

*Defendant-Appellee.*

On Appeal from the United States District Court

For the Southern District of Texas, Galveston

Civil Action File:  3:22-cv-34

## APPELLANT'S APPENDIX

Brian Chancey, in *Propria Persona*
3117 Encino Avenue
Bay City, Texas  77414

# APPENDIX

**Table of Contents**

1. Southern District Court Orders regarding "Covid policy"

   a. Judge Brown's Special Order 5.21.21

   b. Order dated 5.10.22-Divisions may decide their own policy

   c. Houston/Galveston Judge Norman holds video hearings, enforces masks

   d. Judge Rodriguez mask policy

   e. Houston division requires vaccines, masks, isolation 2.24.22

   f. Houston continues to require vaccines 5.13.22

2. The Docket Sheet

3. Motion for Special Master

4. Order Denying the Motion

5. Motion to vacate the order and request for findings of fact and conclusions of law

1a

United States District Court
Southern District of Texas
ENTERED
May 21, 2021
Nathan Ochsner, Clerk of Court
By Deputy Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| IN RE: COURT OPERATIONS IN THE | § | SPECIAL ORDER G-2021-2 |
| GALVESTON DIVISION UNDER THE | § | |
| EXIGENT CIRCUMSTANCES CREATED | § | |
| BY THE COVID-19 PANDEMIC | § | |

## ORDER

Effective immediately, the wearing of masks is optional for all who enter the United States Courthouse at 601 25th Street in Galveston, including both those who work in the building and members of the public. Anyone entering the courthouse who has not been vaccinated against coronavirus is encouraged to wear a mask.

There is just one exception: pursuant to the official district-wide policy of the United States District Court for the Southern District of Texas, all courthouse employees who work with venire panels and jurors will be both vaccinated and masked.

This order remains in effect until the court orders otherwise.

Signed on Galveston Island on the 21st day of May, 2021.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

1b

UNITED STATES DISTRICT COURT ·
SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
ENTERED

**May 10, 2022**

Nathan Ochsner, Clerk of Court

By Deputy Clerk

IN RE: VACCINATION POLICY
UNDER THE EXIGENT
CIRCUMSTANCES CREATED
BY THE COVID-19 PANDEMIC

§
§
§
§
§

GENERAL ORDER NO. 2022-10

## ORDER

As of May 10, 2022, employees and on-site contractors of the U.S. District and Bankruptcy Courts and Probation/Pretrial Services Office for the Southern District of Texas will no longer be required to show proof of vaccination or provide proof of approved negative test results twice a week. Unvaccinated employees and on-site contractors may resume work-related travel.

The district-wide policy for the Southern District of Texas requiring all courthouse employees who work with venire panels and jurors to be both vaccinated and masked is also discontinued. This policy will be decided on a division-by-division basis.

This order remains in place, subject to further court order.

Signed this 10th day of May, 2022.

LEE H. ROSENTHAL
CHIEF JUDGE

1c

# United States Bankruptcy Judge Jeffrey P. Norman

## Contact Information

| Case Manager | Mario Rios | mario_rios@txs.uscourts.gov | (713) 250-5393 |
| Courtroom Deputy | Tracey Conrad | tracey_conrad@txs.uscourts.gov | (713) 250-5772 |

## Hearing Locations and Courtrooms

| Houston: | 515 Rusk, Houston, TX 77002 (Courtroom 403) |
| Galveston: | 601 Rosenberg, Galveston, TX 77550 (7th Floor Courtroom) |

## NOTICE REGARDING POST-COVID REOPENING OF HOUSTON COURTHOUSE

**All in person appearances are suspended until November 8, 2021 by General Order 2021-6. Parties may appear in person ONLY BY MOTION AND/OR ORDER. EFFECTIVE November 8, 2021, ALL HEARINGS BEFORE JUDGE NORMAN WILL BE HELD ON A HYBRID BASIS. PARTIES MAY APPEAR EITHER REMOTELY *[ SEE VIDEO AND VIDEO PARTICIPATION ]* OR IN PERSON UNLESS THE COURT ORDERS OTHERWISE AS AUTHORIZED BY GENERAL ORDER 2021-15.**

## Video and Audio

Click here to connect to GoToMeeting Video Link

Telephone [YOU MUST CONNECT BY TELEPHONE TO HEAR AUDIO]:
Dial In Telephone No.: 832-917-1510
Conference Code No.: 174086

**FOR AVAILABLE HEARING DATES FOR THE HOUSTON AND GALVESTON DIVISIONAL OFFICE, CLICK ON COMBINED HEARING DATES LINK BELOW.**

**The Court Requires Most Applications, Motions and Objections to be Self-Calendared.**

Combined Hearing Dates

**Courtroom Procedures**

Procedures

Notice to Pro Se Litigants

## HEARING PROCEDURE FOR CHAPTER 13 PANELS

Chapter 13 Panels will proceed with a time change as indicated on the Court's website. **Time changes for all cases** will be finalized on the Court's website by noon, the day proceeding the scheduled hearing. Hearing times will be set every 15 minutes, called by attorney last name, panel dates will remain unchanged.

Hearing times are available below.

Counsel for the debtor or any objecting creditor may appear in person or are encouraged to participate electronically by video and audio. **Debtor(s)** are also encourage to appear by audio and video but may appear in person.

**Exhibit Requirements for All Remote Participants**

In addition to the requirements of Bankruptcy Local Rule 9013-1, exhibits must be filed on CM/ECF in advance of the hearing. Each exhibit must be filed as a separate attachment to the Exhibit List. The Court will review the exhibits from CM/ECF. Exhibits must be offered into evidence by reference to the CM/ECF docket number of the filed exhibit.

## Local Rules

Bankruptcy Local & Federal Rules

## Chapter 13 Trustee Information

William E. Heitkamp

| This week's Hearing Schedule | Next week's Hearing Schedule |
| --- | --- |
| Monday | Monday |
| Tuesday | Tuesday |
| Wednesday | Wednesday |
| Thursday | Thursday |
| Friday | Friday |

| Third week's Hearing Schedule | Fourth week's Hearing Schedule |
| --- | --- |
| Monday | Monday |
| Tuesday | Tuesday |
| Wednesday | Wednesday |
| Thursday | Thursday |
| Friday | Friday |

ld

# United States Bankruptcy Judge Eduardo V. Rodriguez

## MASKS IN COURTROOM:

* Please wear a mask in the Courtroom if you cannot maintain social distance from others.

* Your own work group may choose not to wear masks or maintain social distance within your group.

* You are not required to wear a mask when speaking to the Court, but you may do so if you wish.

| Contact Information | | | |
|---|---|---|---|
| **Case Manager** | Jeannie Chavez | norma_j_chavez@txs.uscourts.gov | 956-928-7082 |
| **Courtroom Deputy** | Ana Castro | ana_castro@txs.uscourts.gov | 956-618-8076 |
| **Chambers Phone No** | | 956-928-7080 | |
| **Telephonic Participation:** | | Dial-in Telephone number: 1-832-917-1510; Conference Code: 999276 | |
| **Telephonic and Video Participation:** | | Dial-in Telephone number: 1-832-917-1510 Conference Code: 999276  **Click here for more information.** Click here to connect to GoToMeeting Video Link | |

United States Courts
Southern District of Texas
FILED

*February 24, 2022*

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: MASK AND SOCIAL DISTANCING POLICIES IN THE BOB CASEY U.S. COURTHOUSE HOUSTON, TEXAS | § § § § § | SPECIAL ORDER H-2022-2 |

# ORDER

Effective immediately, the wearing of masks and the practice of social distancing is optional for persons who enter and are in the common areas of the Bob Casey United States Courthouse in Houston, Texas. Mask wearing and social distancing inside courtrooms and chambers is at the discretion of each presiding judicial officer.

This order is subject to the district-wide policy for the Southern District of Texas requiring all courthouse employees who work with venire panels and jurors to be both vaccinated and masked.

This order remains in place subject to further court order.

Signed this 24th day of February, 2022.

LEE H. ROSENTHAL
CHIEF JUDGE

1f

United States District Court
Southern District of Texas
ENTERED
May 13, 2022
Nathan Ochsner, Clerk of Court
By Deputy Clerk _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: VACCINATION POLICY FOR     §
EMPLOYEES WORKING WITH            §
VENIRE PANELS AND JURORS          §        SPECIAL ORDER H-2022-4
AT THE BOB CASEY UNITED STATES    §
COURTHOUSE IN HOUSTON, TEXAS      §

## ORDER

To help protect the safety of prospective jurors and jurors in the Houston Division courthouse,

employees who work with venire panels and jurors are required to be vaccinated against COVID-19.

This order remains in place, subject to further court order.

Signed this _13th_ day of May, 2022.


LEE H. ROSENTHAL
CHIEF JUDGE

**Query**    Reports    **Utilities**    Help    Log Out

APPEAL

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Galveston)
## CIVIL DOCKET FOR CASE #: 3:22-cv-00034

Chancey v. BASF
Assigned to: Judge Jeffrey V Brown
Cause: 42:12101 American Disabilities Act

Date Filed: 01/31/2022
Jury Demand: Plaintiff
Nature of Suit: 446 Civil Rights: Americans
with Disabilities - Other
Jurisdiction: Federal Question

**Plaintiff**

**Brian Chancey**

represented by **Brian Chancey**
3117 Encino Avenue
Bay City, TX 77414
832-863-4519
PRO SE

V.

**Defendant**

**BASF**

represented by **Carolyn A Russell**
Ogletree Deakins et al
500 Dallas St
Ste 3000
Houston, TX 77002
713-655-5771
Fax: 713-655-0020 fax
Email:
carolyn.russell@ogletreedeakins.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan Joseph Swink**
Ogletree Deakins et al
500 Dallas St.
Ste. 3000
Houston, TX 77002
713-655-5772
Email: ryan.swink@ogletree.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | clear | Docket Text |
|---|---|---|---|
| 01/31/2022 | 1 | ☐ | COMPLAINT against BASF filed by Brian Chancey. (Attachments: # 1 Affidavit in Support of Complaint, # 2 Exhibit A-C, # 3 Civil Cover Sheet, # 4 Cover Letter, # 5 Envelope)(CynthiaBenavides, 3) (Entered: 01/31/2022) |

| 01/31/2022 | | | Filing fee: $402 re: 1 Complaint, receipt number GAL004553, filed. (CynthiaBenavides, 3) (Entered: 01/31/2022) |
|---|---|---|---|
| 02/01/2022 | 2 | ☐ | NOTICE to Pro Se Litigant of Case Opening. Party notified, filed. (CynthiaBenavides, 3) (Entered: 02/01/2022) |
| 02/01/2022 | 3 | ☐ | Summons Issued as to BASF. Issued summons delivered to plaintiff by First-class mail, filed.(CynthiaBenavides, 3) (Entered: 02/01/2022) |
| 02/01/2022 | 4 | ☐ | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 5/11/2022 at 09:00 AM in by video before Magistrate Judge Andrew M Edison(Signed by Judge Jeffrey V Brown) Parties notified.(CynthiaBenavides, 3) (Entered: 02/01/2022) |
| 02/24/2022 | 5 | ☐ | RETURN of Service of SUMMONS Executed as to BASF served on 2/11/2022, answer due 3/4/2022, filed. (Attachments: # 1 Letter, # 2 Envelope) (CynthiaBenavides, 3) (Entered: 02/24/2022) |
| 03/03/2022 | 6 | ☐ | AMENDED COMPLAINT against BASF filed by Brian Chancey.(agould, 3) (Entered: 03/03/2022) |
| 03/18/2022 | 7 | ☐ | NOTICE by BASF, filed. (Swink, Ryan) (Entered: 03/18/2022) |
| 03/18/2022 | 8 | ☐ | CERTIFICATE OF INTERESTED PARTIES by BASF, filed.(Swink, Ryan) (Entered: 03/18/2022) |
| 04/04/2022 | 9 | ☐ | MOTION to Dismiss by BASF, filed. Motion Docket Date 4/25/2022. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Proposed Order)(Swink, Ryan) (Entered: 04/04/2022) |
| 04/05/2022 | 10 | ☐ | CERTIFICATE OF INTERESTED PARTIES and Corporate Disclosure Statement by Brian Chancey, filed. (Attachments: # 1 Envelope)(VanesaAranda, 3) (Entered: 04/05/2022) |
| 04/12/2022 | 11 | ☐ | MOTION to Appoint Special Master to Resolve Court's Conflict of Interest by Brian Chancey, filed. Motion Docket Date 5/3/2022. (Attachments: # 1 Envelope) (CynthiaBenavides, 3) (Entered: 04/12/2022) |
| 04/13/2022 | 12 | ☐ | NOTICE of Appearance by Carolyn Russell on behalf of BASF, filed. (Russell, Carolyn) (Entered: 04/13/2022) |
| 04/18/2022 | 13 | ☐ | BRIEF in Opposition re: 9 MOTION to Dismiss by Brian Chancey, filed. (Attachments: # 1 Proposed Order, # 2 Envelope)(CynthiaBenavides, 3) (Entered: 04/18/2022) |
| 04/25/2022 | 14 | ☐ | REPLY in Support of 9 MOTION to Dismiss , filed by BASF. (Russell, Carolyn) (Entered: 04/25/2022) |
| 04/29/2022 | 15 | ☐ | JOINT DISCOVERY/CASE MANAGEMENT PLAN by BASF, filed. (Attachments: # 1 Proposed Order)(Russell, Carolyn) (Entered: 04/29/2022) |
| 05/02/2022 | 16 | ☐ | INITIAL DISCLOSURES by Brian Chancey, filed. (Attachments: # 1 Envelope) (CynthiaBenavides, 3) (Entered: 05/02/2022) |
| 05/03/2022 | 17 | ☐ | RESPONSE in Opposition to 11 MOTION for Appointment of Special Master, filed by BASF. (Attachments: # 1 Proposed Order)(Russell, Carolyn) (Entered: 05/03/2022) |
| 05/10/2022 | 18 | ☐ | REPLY to Response in Opposition to 11 MOTION for Appointment of Special Master, filed by Brian Chancey. (Attachments: # 1 Envelope)(CynthiaBenavides, 3) |

| | | | |
|---|---|---|---|
| | | | (Entered: 05/10/2022) |
| 05/11/2022 | | | Minute Entry for proceedings held before Magistrate Judge Andrew M Edison on May 11, 2022. Initial Conference held. Docket Control Order to be entered. Appearances: Brian Chancey pro se Plaintiff, Carolyn Russell and Ryan Swink for Defendant. (ERO: yes) (rcastro, 4) (Entered: 05/12/2022) |
| 05/11/2022 | 19 | ☐ | DOCKET CONTROL ORDER. Pltf Expert Witness List due by 10/14/2022. Pltf Expert Report due by 10/14/2022. Deft Expert Witness List due by 11/11/2022. Deft Expert Report due by 11/11/2022. Discovery due by 1/20/2023. Dispositive Motion Filing due by 1/27/2023. Non-Dispositive Motion Filing due by 3/17/2023. Exchange Pretrial Materials due by 5/5/2023. Docket Call set for 5/12/2023 at 09:30 AM in Sixth Floor Courtroom Galveston before Judge Jeffrey V Brown(Signed by Magistrate Judge Andrew M Edison) Parties notified.(CynthiaBenavides, 3) (Entered: 05/12/2022) |
| 06/15/2022 | 20 | ☐ | ORDER denying 11 Motion to Appoint.(Signed by Judge Jeffrey V Brown) Parties notified.(GeorgeCardenas, 4) (Entered: 06/15/2022) |
| 07/13/2022 | 21 | ☐ | MOTION to Set Aside or Vacate Order as to 20 Order Denying Motion to Appoint by Brian Chancey, filed. Motion Docket Date 8/3/2022. (Attachments: # 1 Envelope)(CynthiaBenavides, 3) (Entered: 07/13/2022) |
| 07/13/2022 | 22 | ☐ | MOTION Request for Findings of Fact and Conclusions of Law by Brian Chancey, filed. Motion Docket Date 8/3/2022. (Attachments: # 1 Exhibit A - Special Orders) (CynthiaBenavides, 3) (Entered: 07/13/2022) |
| 07/13/2022 | 23 | ☐ | NOTICE OF INTERLOCUTORY APPEAL to US Court of Appeals for the Fifth Circuit re: 20 Order Denying Motion to Appoint by Brian Chancey (Filing fee $ 505), filed. (Attachments: # 1 Letter, # 2 Envelope)(CynthiaBenavides, 3) (Entered: 07/13/2022) |
| 07/13/2022 | | | USCA Appeal Fees received $ 505, receipt number GAL004672 re: 23 Notice of Interlocutory Appeal, filed.(CynthiaBenavides, 3) (Entered: 07/13/2022) |
| 07/14/2022 | 24 | ☐ | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 23 Notice of Interlocutory Appeal, 21 MOTION to Set Aside or Vacate Order as to 20 Order on Motion to Appoint, 22 MOTION Request for Findings of Fact and Conclusions of Law. Fee status: Paid. Reporter(s): ERO, filed. (Attachments: # 1 Notice of Appeal, # 2 DKT13) (mperez, 1) (Entered: 07/14/2022) |
| 07/14/2022 | | | Appeal Review Notes re: 23 Notice of Interlocutory Appeal. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal. Number of DKT-13 Forms expected: 1, filed.(mperez, 1) (Entered: 07/14/2022) |
| 07/26/2022 | 25 | ☐ | DKT13 TRANSCRIPT ORDER REQUEST by Brian Chancey. No hearings. This order form relates to the following: 23 Notice of Interlocutory Appeal, filed. (Attachments: # 1 Certificate of Service, # 2 Envelope) (CynthiaBenavides, 3) (Entered: 07/27/2022) |
| 07/26/2022 | 26 | ☐ | Letter from Brian Chancey re: DKT 25 and requesting copies of documents be sent to Fifth Circuit Court of Appeals, filed. (CynthiaBenavides, 3) (Entered: 07/27/2022) |
| 07/27/2022 | 27 | ☐ | DKT13 TRANSCRIPT ORDER REQUEST by Brian Chancey. Transcript is unnecessary for appeal purposes. No hearings. This order form relates to the |

| | | | following: 23 Notice of Interlocutory Appeal, filed. (Attachments: # 1 Certificate of Service, # 2 Envelope) (CynthiaBenavides, 3) (Entered: 07/27/2022) |
|---|---|---|---|
| 07/27/2022 | 28 | ☐ | Letter from Brian Chancey re: DKT 27 and requesting copies of documents be sent to Fifth Circuit Court of Appeals, filed. (CynthiaBenavides, 3) (Entered: 07/27/2022) |
| 08/03/2022 | 29 | ☐ | RESPONSE to 21 MOTION to Set Aside or Vacate Order as to 20 Order on Motion to Appoint, 22 MOTION Request for Findings of Fact and Conclusions of Law *BASF CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE OR VACATE ORDER AND MOTION REQUESTING FINDINGS OF FACT AND CONCLUSIONS OF LAW*, filed by BASF. (Russell, Carolyn) (Entered: 08/03/2022) |
| 08/18/2022 | | | Notice of Assignment of USCA No. 22-40442 re: 23 Notice of Interlocutory Appeal, filed.(mperez, 1) (Entered: 08/18/2022) |
| 08/22/2022 | 30 | ☐ | RESPONSE to 21 MOTION to Set Aside or Vacate Order as to 20 Order on Motion to Appoint, filed by Brian Chancey. (agould, 3) (Entered: 08/22/2022) |
| 08/30/2022 | | | Electronic record on appeal certified to the Fifth Circuit Court of Appeals re: 23 Notice of Interlocutory Appeal USCA No. 22-40442, filed.(scastillo, 1) (Entered: 08/30/2022) |
| 08/30/2022 | | | Electronic Access to Record on Appeal Provided re: 23 Notice of Interlocutory Appeal to Carolyn Russell. Attorneys of record at the Circuit may download the record from the Court of Appeals. (USCA No. 22-40442), filed.(scastillo, 1) (Entered: 08/30/2022) |
| 08/30/2022 | 31 | ☐ | Transmittal Letter on Appeal re: 23 Notice of Interlocutory Appeal. The electronic record on CD is being sent to Brian Chancey via regular mail. (USCA No. 22-40442), filed. (scastillo, 1) (Entered: 08/30/2022) |

View Selected
or
Download Selected

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 10/05/2022 10:30:48 | | |
| PACER Login: | gnman444 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:22-cv-00034 |
| Billable Pages: | 3 | Cost: | 0.30 |

Brian Chancey
Plaintiff in *Propria Persona*
3117 Encino Avenue
Bay City, Texas  77414
phone: 832-863-4519
email: gnman4@yahoo.com

United States Courts
Southern District of Texas
F I L E D

APR 1 2 2022

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

United States Post Office and Courthouse; 601 Rosenberg, Room 411; Galveston, TX 77550

BRIAN CHANCEY

PLAINTIFF

v.                                              CASE NO.  3:22-cv-34

BASF CORPORATION

DEFENDANT

_____/

### MOTION TO APPOINT SPECIAL MASTER TO

### RESOLVE COURT'S CONFLICT OF INTEREST

Plaintiff moves the court to appoint a special master to assist in the above captioned matter for the reason that an exceptional condition exists whereby the court seeks to impose the same illegal policies as the defendant does in the above captioned case. This district court is also receiving disaster relief compensation and subsidies for practicing these illegal policies, and cannot therefore be expected to act impartially.  The plaintiff requests that the court appoint a special master that is not a magistrate and is not another acting judge in any court. The court has the authority to appoint a special master under Rule 53 of the Federal Rules of Civil Procedure.

The following is from the court's policies as stated on its website and signed by Judge Rosenthal on February 24, 2022:

> "Mask wearing and social distancing inside courtrooms and chambers is at the discretion of each presiding judicial officer.  This order is subject to the district-wide policy for the Southern District of Texas

requiring all courthouse employees who work with venire panels and jurors to be both vaccinated and masked." [1]

The home page for the Southern district courts states in bold red lettering:

·Coronavirus Disease 2019 (COVID-19) --

"The judges in each of the seven divisions in the Southern District are deciding when to conduct jury trials in that division, based on local conditions. Safety is our top priority."[2]

This policy continues to be expressed by the court's General Orders pertaining to the so-called "Coronavirus" with the most recent one being General Order 2021-15 and also SPECIAL ORDER G-2021-2 signed by Judge Brown; which boldly "requires" all court officers who work with juries to get experimental injections and wear masks.

The court's policies are nearly identical to the defendant's.

These policies discriminate based upon the wild speculation that everyone has a disability (contagious disease) and must submit to mitigation measures or be treated for it without his informed consent and without any evidence or diagnosis that anyone has such a contagious disease, without any evidence that any contagious disease even exists and without any evidence of a so-called "pandemic".

As you will discover in the plaintiff's complaint, even with such evidence, these medical interventions cannot be imposed upon anyone without judicial approval based upon actual evidence such as a medical diagnosis  (individualized assessment under the criteria set forth in the Americans with Disabilities Act).  No laws have changed; claiming there is a pandemic is not a defense to violating federal and state disability laws, public health policy, due process and one's medical privacy rights.  Both the defendant and the court share the same, nearly identical, policies and both the defendant and the court are receiving "disaster relief funds" from the same or similar sources for imposing these illegal policies.

Furthermore, federal court judges in general have been intruding upon, and interfering with, plaintiffs around the country who are making similar complaints and thereby causing unjust delays in the proceedings.

---

1 https://www.txs.uscourts.gov/page/covid-19-special-orders-houstongalveston-division
2 https://www.txs.uscourts.gov/node

- 2 -

Brian Chancey -Notice to Appoint Special Master

Some judges act as if the complaints are incomprehensible, some judges file *sua sponte* motions to dismiss on behalf of defendants before they are ever served with a summons, and then write orders dismissing these types of cases to frustrate and delay plaintiffs' equal access to the court and justice. Some judges wrongfully deny applications for fee waivers or refuse to make rulings on them for months at a time so that plaintiffs are delayed justice and denied equal access to the courts.

This conduct by federal court judges is prohibited by the rules of equity, justice and the actual rules of civil procedure, including but not limited to constituting interference and retaliation in violation of Section 504 of the Rehabilitation Act of 1973 as it is imposed by the standards of the Americans with Disabilities Act. The United States District Court is subject to fines and penalties for these violations, including but not limited to the loss of federal funding. No federal judge is immune from liability for these violations.

WHEREFORE plaintiff requests the appointment of a special master who can oversee this proceeding and who is not influenced by the court's illegal "Covid-19" policies.

DATED this _11_ day of April 2022.

Brian Chancey, Plaintiff

1
2   Brian Chancey
    Plaintiff in *Propria Persona*
3   3117 Encino Avenue
    Bay City, Texas 77414
4   phone: 832-863-4519
    email: *gnman4@yahoo.com*
5
6
7               # UNITED STATES DISTRICT COURT
8               ## SOUTHERN DISTRICT OF TEXAS
    United States Post Office and Courthouse; 601 Rosenberg, Room 411; Galveston, TX 77550
9
10  BRIAN CHANCEY
    PLAINTIFF
11
    v.                              CASE NO.  3:22-CV-34
12  BASF CORPORATION
13  DEFENDANT
14  _____/
15              **CERTIFICATE OF SERVICE**
16      I, Brian Chancey, hereby certify that a true and correct copy of the foregoing was duly
17  served upon the defendant's attorney Ryan Swink at the address of One Allen Center, 500
18  Dallas Street, Suite 3000; Houston, Texas 77002 via first class mail on this ⅃⅃ day of April,
    2022.
19
20
    By: _____
21
22
23
24
25
26
27
28
                              - 1 -

4

United States District Court
Southern District of Texas
**ENTERED**
June 15, 2022
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| BRIAN CHANCEY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-34 |
| | § | |
| BASF CORPORATION, | § | |
| Defendant. | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO
## APPOINT SPECIAL MASTER

Pending before the Court is Plaintiff Brian Chancey's Motion to Appoint Special Master to Resolve Court's Conflict of Interest. Dkt. No. 11. Having considered the pending motion, the Defendant's Response, the record, and the applicable law, the court is of the opinion that the motion should be and is, therefore, DENIED.

Signed this _____ day of _____, 2022.

_____
Hon. Jeffrey V. Brown
United States District Judge

Brian Chancey
Plaintiff in *Propria Persona*
3117 Encino Avenue
Bay City, Texas 77414
phone: 832-863-4519
email: *gnman4@yahoo.com*

United States Courts
Southern District of Texas
:      **FILED**

**JUL -13 2022**

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

United States Post Office and Courthouse; 601 Rosenberg, Room 411; Galveston, TX 77550

BRIAN CHANCEY

PLAINTIFF,

v.                                          CASE NO. 3:22-cv-34

BASF CORPORATION

DEFENDANT.

_____/

### MOTION TO SET ASIDE OR VACATE ORDER

In accordance with FRCP 60(b)(4) and (6) the plaintiff moves this court to set aside or vacate its "Order denying a special master" dated June 15, 2022 for the reason that it was erroneous and the result of an abuse of discretion and entirely without any legal merit. This motion is a timely request made within one year of the date of the order.

The order failed to deny plaintiff's allegation that exceptional conditions exist. The exceptional condition which surrounds this case is the fact that this court has adopted the very same policies which the defendant has adopted and it is these policies which have created the causes of action which gave rise to plaintiff's complaint. The court is doing the same thing the defendant is being sued for.

In addition, the bias of this court is further demonstrated by the fact that Judge Brown and Judge Rosenthal have not revoked any "special orders" they signed administering the "covid policy" even after this Court's Tampa division ruled

that the CDC has no authority to impose universal mitigation measures and therefore cannot confer any authority on other entities[1] such as the transportation industry. The Galveston court continues to impose mitigation measures, without an authority to do so, based on CDC "guidance", despite the District Court Tampa division ruling. This court's adherence to imposing the policy does demonstrate a bias in favor of the "covid policy".

Furthermore, unless this conflict is resolved by the appointment of a special master to help navigate this exceptional condition, the court is frustrating the plaintiff's access to a fair and impartial court.

Specifically, plaintiff requests the facts and the legal foundation upon which the judge based his order denying a Special Master.

Dated this ___12___ day of July, 2022.

Brian Chancey
Plaintiff *in Propria Persona*

---

1   *Health Freedom Defense Fund, Inc v Biden*



65564 27758

P

US POSTAGE AND FEES PAID
PRIORITY MAIL
Oct 05 2022
Mailed from ZIP 77414
9 LB PRIORITY MAIL RATE
ZONE 4 NO SURCHARGE
10591177
Commercial Plus Pricing 062S0011272595

stamps
endicia

## PRIORITY MAIL 2-DAY

Brian D Chancey
3117 ENCINO AVE
BAY CITY TX 77414

C027    0004

Shipped Using PostalMate
Pkg:207262

SHIP TO:

FIFTH CIRCUIT COURT OF APPEALS
600 S MAESTRI PL STE 115
NEW ORLEANS LA 70130-3408

USPS SIGNATURE TRACKING #

9410 8111 0803 6449 6141 94