No. 22-40442

In the
United States Court of Appeals
For the Fifth Circuit

_____

BRIAN CHANCEY,
*Plaintiff-Appellant,*

v.

BASF,
*Defendant-Appellee.*

Appeal from the United States District Court
For the Southern District of Texas
Civil Action No. 3:22-CV-00034
Honorable Jeffery V. Brown, District Court Judge

## BRIEF OF APPELLEE BASF CORPORATION

Carolyn Russell
Ryan Swink
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Dallas Street, Suite 3000
Houston, TX  77002
713-655-0855
carolyn.russell@ogletreedeakins.com
ryan.swink@ogletreedeakins.com

**COUNSEL FOR APPELLEE
BASF CORPORATION**

## CERTIFICATE OF INTERESTED PARTIES

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of the case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

<u>Plaintiff/Appellant:</u>

BRIAN CHANCEY
3117 Encino Ave.
Bay City, Texas 77414

<u>Defendant – Appellee and their Counsel:</u>

BASF CORPORATION
Carolyn A. Russell
Ryan J. Swink
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002
(713) 655-0855

*/s/ Carolyn Russell*
Carolyn Russell

## STATEMENT REGARDING ORAL ARGUMENT

Appellee BASF Corporation submit that the law in this case is settled and that there are no interesting or unique issues of fact and law that would benefit from exploration through oral argument. However, should the Court determine that oral argument is appropriate, Appellee BASF Corporation respectfully requests to appear and participate.

## TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ............................................................2

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ..............2

STATEMENT OF THE CASE ...................................................................2

II. PROCEEDINGS IN THE COURT BELOW ....................................2

SUMMARY OF ARGUMENT ..................................................................2

ARGUMENT ...............................................................................................2

I.  THIS COURT LACKS JURISDICTION ........................................2

II. THE DENIAL OF A SPECIAL MASTER WAS PROPER ..............5

A.  STANDARD OF REVIEW ...........................................................5

B.  THE DISTRICT COURT ACTED WITHIN ITS DESCRETION IN
DENYING APPELLANT'S MOTION TO APPOINT A SPECIAL
MASTER ...............................................................................................5

CONCLUSION AND PRAYER ...............................................................6

# TABLE OF AUTHORITIES

**Cases**                                                      **Page(s)**

*Clark v. Johnson,*
  278 F.3d 459 (5th Cir. 2002)................................................................ 3

*Hatteberg v. Red Adair Co., Inc. Employees' Profit Sharing Plan
  & its Related Tr.,
  79 Fed. Appx. 709 (5th Cir. 2003)* ...................................................... 5

*Hook v. State of Arizona,*
  120 F.3d 921 (9th Cir. 1996)................................................................ 3

*Jaiyeloa v. Garmin Int'l, Inc.*
  No. 21-3114, 2022 WL 12158643 (10th Cir. Apr. 26, 2022) ................ 3

*Kearns v. Shillinger,*
  823 F.2d 399 (10th Cir. 1987)..........................................................3-4

*Meeropol v. Meese,*
  790 F.2d 942 (D.C. Cir. 1986) ............................................................. 5

*Petition of Trustees of Joint Welfare Fund,*
  549 F.2d 871 (2d Cir. 1977) ................................................................ 4

*Ramirez v. Rivera-Dueno,*
  861 F2d. 1371 (5th Cir. 1970)............................................................. 4

*Reilly v. Merritt,*
  242 F. App'x 379 (8th Cir. 2007) ........................................................ 3

*Socialist Workers 1974 Nat. Campaign Comm. v. Jennings,*
  567 F.2d 1133 (D.C. Cir. 1977)........................................................... 4

*Teamsters Loc. Un 745, Etc. v. Braswell,*
  428 F.2d 1371 (5th Cir. 1970)............................................................. 4

*United States v. Wilson,*
  21 F.R.D. 173 (N.D. Tex. 1957) .......................................................... 6

## Statutes

28 U.S.C. § 1291......................................................................... 1, 3

28 U.S.C. § 1292........................................................................ 1-4

## JURISDICTIONAL STATEMENT

By this appeal, Appellant seeks review of the District Court's interlocutory order denying his motion to appoint a special master. As more fully set-forth below, this Court does not have jurisdiction under 28 U.S.C. §§ 1291 or 1292. Therefore, the appeal should be dismissed for lack of jurisdiction.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.  Whether this Court has jurisdiction to consider the appeal of an interlocutory order that does not satisfy 28 U.S.C. § 1292?

2.  Whether the District Court abused its discretion by denying Appellant's motion to appoint a special master?

## STATEMENT OF THE CASE

### I.   FACTUAL BACKGROUND

According to Appellant's First Amended Complaint, this case concerns Appellee's alleged discrimination and retaliation because of disability, and allegedly improper medical exams and inquiries in violation of the ADA. ROA. 197-355. Appellant, a current employee of Appellee, alleges Appellee regarded him "as having a disability of an impaired immune system and an impaired respiratory system, and "began responding to [Appellee] as if he had a contagious disease." ROA.

1

199 at ¶ 12. Appellant does not allege that Appellee believed the alleged impairments "substantially limited one or more major life activities." ROA. 197-355.

## II. PROCEEDINGS IN THE COURT BELOW

Appellant filed his Original Complaint on January 31, 2022. ROA. 1-183. Appellant filed his First Amended Original Complaint on March 3, 2022. ROA. 197-355. On April 4, 2022, Appellee filed its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). ROA. 362-370. No ruling has yet issued on Appellee's Motion to Dismiss. ROA. 1-4.

On April 12, 2022, Appellant filed a Motion to Appoint a Special Master. ROA. 380-382. On June 15, 2022, after the issues were fully briefed, District Judge Brown denied Appellant's Motion to Appoint a Special Master. ROA. 424. This appeal followed.

## SUMMARY OF ARGUMENT

This Court lacks jurisdiction to consider this appeal because, as an appeal from an interlocutory order, it does not satisfy 28 U.S.C. § 1292. The District Court acted within its discretion in denying Appellant's Motion to Appoint a Special Master. Therefore, the District Court's order

denying Appellant's Motion to Appoint a Special Master should be affirmed.

## ARGUMENT

### I.   THIS COURT LACKS JURISDICTION

This Court's jurisdiction is limited to appeals from final decisions under 28 U.S.C. § 1291, interlocutory decisions under 28 U.S.C. § 1292, non-final judgments certified as final under Federal Rule of Civil Procedure 54(b), and other non-final orders or judgments to which an exception applies. *Clark v. Johnson*, 278 F.3d 459, 460 (5th Cir. 2002). Appellate courts have uniformly concluded they lack jurisdiction to review orders appointing or denying the appointment of special masters. *See Jaiyeola v. Garmin Int'l, Inc.*, No. 21-3114, 2022 WL 1218642, at *4 (10th Cir. Apr. 26, 2022) ("Nor was the show cause order or the denial of the motion to appoint a special master final or immediately appealable rulings."); *Reilly v. Merritt*, 242 F. App'x 379, 380 (8th Cir. 2007) ("Likewise, we lack jurisdiction over the appeal from the district court's denial of a special master."); *Hook v. State of Arizona*, 120 F.3d 921, 925 (9th Cir. 1996) ("We have concluded that an appointment of a special master is generally an interlocutory order and not appealable."); *Kearns*

*v. Shillinger*, 823 F.2d 399, 400 (10th Cir. 1987) ("The district court's order denying plaintiff's motion for appointment of a special master is not a final, appealable order."); *Socialist Workers 1974 Nat. Campaign Comm. v. Jennings*, 567 F.2d 1133, 1134 (D.C. Cir. 1977) ("The District Court's order of January 17th was in the nature of an instruction to a master to prepare a record and findings, which order is not appealable."); *Teamsters Loc. Un. 745, Etc. v. Braswell*, 428 F.2d 1371, 1373 (5th Cir. 1970) ("We do not reach the question involving the propriety of referring damages to a master because that portion of the district court's order is an interlocutory non-final order and is non-appealable under 28 U.S.C. § 1292."); *See also Ramirez v. Rivera-Dueno*, 861 F.2d 328, 334 (1st Cir. 1988); *Petition of Trustees of Joint Welfare Fund*, 549 F.2d 871, 873 (2d Cir. 1977).

Consistent with the above-cited authority, the District Court's order denying Appellant's Motion to Appoint a Special Master is an interlocutory order and this Court lacks jurisdiction to review it. Appellant contends that the District Court's "dismissal of the request for Special Master" is appealable because it "has every appearance of being a final judgment because the decision affects the plaintiff's claim for

4

relief." Brief of Appellant, p. 14. However, this one-sided assertion of a perceived "appearance" cannot overcome binding case law holding that the denial or appointment of a special master is not a final, appealable order. *See supra*, p. 3-4. Tellingly, Appellant does not cite a single case that holds the denial of a special master was improper. Because this Court lacks jurisdiction to consider this appeal, the District Court's decision denying Appellant's Motion to Appoint a Special Master should be denied.

## II.    THE DENIAL OF A SPECIAL MASTER WAS PROPER

### A.    Standard of Review

This Court reviews a district court's decision to appoint or deny a special master for abuse of discretion. *See Hatteberg v. Red Adair Co., Inc. Employees' Profit Sharing Plan & its Related Tr.*, 79 Fed. Appx. 709, 720 (5th Cir. 2003); *see also Meeropol v. Meese*, 790 F.2d 942, 961 (D.C. Cir. 1986).

### B.    The District Court Acted Within its Discretion in Denying Appellant's Motion to Appoint a Special Master

Appellant also failed to show that the District Court abused its considerable discretion by denying the appointment of a special master. The decision to appoint a special master is within the discretion of the

trial court. Moreover, "[a] reference to a special master should be the exception and not the rule." *United States v. Wilson,* 21 F.R.D. 173, 175 (N.D. Tex. 1957).

Casting about for an abuse of discretion, Appellant impugns District Judge Brown's motives, maligning his refusal to "acknowledge that the Court's 'COVID-19 policy' is identical to the 'COVID-19 policy' of [Appellee]" that Appellant asserts results in "bias[]" and claiming that he "lacks a comprehensive understanding of the ADA." Appellant's Brief, p. 14. But Appellant cites nothing in the record that supports these accusations. Ultimately, nothing in this record suggests that the District Court abused its broad discretion to manage discovery in a timely and effective way when it denied the appointment of a special master. This Court should decline to indulge Appellant and his attempt to control the District Court's docket.

## CONCLUSION AND PRAYER

The arguments, authorities and record evidence cited herein establish that this Court does not have jurisdiction to review the District Court's order denying Appellant's Motion to Appoint a Special Master.

Further, the arguments, authorities and record evidence establish that the District Court did not abuse its discretion in denying Appellant's Motion to Appoint a Special Master.

Wherefore, Appellee BASF Corporation respectfully request that the judgment of the District Court be affirmed.

> Respectfully submitted,
>
> */s/ Carolyn Russell*
> Carolyn Russell
> Ryan Swink
> Ogletree, Deakins, Nash,
>     Smoak & Stewart, P.C.
> 500 Dallas Street, Suite 3000
> Houston, Texas  77002-4709
> (713) 655-0855
> (713) 655-0020 Fax
> Carolyn.russell@ogletree.com
> Ryan.swink@ogletree.com
>
> **ATTORNEYS FOR APPELLEE**
> **BASF CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was filed using the Court's ECF/CM system on this 7th day of November, 2022, which will serve notice and a copy in electronic form to Mr. Lyle W. Cayce, Clerk of the United States Court of Appeal for the Fifth Circuit, as well as all counsel of record.

Counsel further certifies that (1) required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned and is free of viruses.

*/s/ Carolyn Russell*
Carolyn Russell

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1,154 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fifth Circuit Rule 32.2. The undersigned relied on her word processor to obtain that count.

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface and double spaced using Microsoft Word for Windows, version 10 in Century font 14-point type face, with quotations over 2 lines and footnotes single-spaced and footnotes in 12-point type face.

*/s/ Carolyn Russell*
Carolyn Russell
COUNSEL FOR DEFENDANT-APPELLEE
BASF CORPORATION

Dated: November 7, 2022