# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**Appeal No. 22-40442**



BRIAN CHANCEY,

*Plaintiff-Appellant,*

v.

BASF CORPORATION

*Defendant-Appellee.*

On Appeal from the United States District Court

For the Southern District of Texas, Galveston

Civil Action File: 3:22-cv-34

## APPELLANT'S REPLY BRIEF

Brian Chancey, in *Propria Persona*
3117 Encino Avenue
Bay City, Texas 77414

**Table Of Contents**                                                                                                   **Page**

Appellant's Reply............................................................................................ 3

Conclusion..................................................................................................... 4

Certificates of Compliance and Service ................................................................ 5

## APPELLANTS REPLY

This court does have the authority to appoint a special master where there are exceptional conditions. The plaintiff's motion to appoint a special master, motion to set aside or vacate the order denying this motion and the plaintiff's request for findings of fact and conclusions of law speak for themselves.

The plaintiff is not required to "cite a case" when the rule speaks for itself and the plaintiff has the right to rely upon the rule at face value; however, it should be noted that the defendant's opposition fails to *cite any case* defining the criteria for what constitutes an "exceptional condition" as it pertains to Rule 53. The defendant's opposition fails to *cite any case law* establishing that the only exceptional condition for appointing a special master has to do with accounting. The citations made by the defendant do not pertain to appeals under the "exceptional condition" provision of Rule 53. The defendant's opposition also fails to address the unique situation where the court is engaged in the same practices as the defendant, and that these have given rise to the complaint now before the court. This is a case of first impression and the case law cited by the defendant is not pertinent for this reason alone.

If the trial court's order denying the appointment of a special master for the exceptional condition described by the plaintiff is not final, then why is the defendant requesting of the appeals court that "… the judgment of the District Court be affirmed"?

The defendant's opposition also uses many references which are not defined and which are therefore unintelligible, such as the term "ROA" followed by a hyphenated number. Motions should not be written in a coded language that unfairly prevents the opposing party from being able to comprehend or respond.

The appeals court does have the authority to hear interlocutory appeals of non-final orders such as the trial court's order denying plaintiff's motion to appoint a special master,

and it also has appellate authority to hear appeals on final orders of the United States District Court.

## CONCLUSION

WHEREFORE the appellant requests an order reversing the trial court's decision and remanding it to trial court for further proceedings.

DATED this 28th day of November, 2022.

*Brian Chancey*
Brian Chancey, Appellant

## CERTIFICATE OF COMPLIANCE

I, Brian Chancey, do certify the following:

1. This document complies with FRAP 32(a)(7)(B) because this document contains 752 words.

2. This document complies with FRAP 32 (a)(5) and (6) because this document has been prepared using Times New Roman font in 14-point.

By: [signature]

## CERTIFICATE OF SERVICE

I, Brian Chancey, hereby certify that a true and correct copy of the foregoing was duly served upon the defendant's attorneys Carolyn Russell and Ryan Swink both at the address of One Allen Center, 500 Dallas Street, Suite 3000; Houston, Texas 77002 via first class mail on this 28th day of November, 2022.

I further certify that seven true and correct copies of the foregoing was duly served upon the Fifth Circuit Court of Appeals at the address of 600 S. Maestri Place, Suite 115; New Orleans, LA 70130-3408 via first class mail on this 28th day of November, 2022.

By: [signature]

PRIORITY MAIL

United States Postal Service®

VISIT US AT USPS.COM®
Label 106A, Nov 2018

This product is for use with Priority Mail®.
Misuse may be a violation of federal law.
This label is not for resale.

**PRIORITY®**
**★ MAIL ★**

UNITED STATES POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:

Brian Chancey
3117 Enim Avenue
Bay City, Tx 77414

TO:

Fifth Circuit Court of Appeals
600 S. Maestri Place
Suite 115
New Orleans, LA 70130-3408

Label 228, March 2016 FOR DOMESTIC AND INTERNATIONAL USE

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID
$26.10
Origin: 77055
11/28/22
4801830041-61

PRIORITY MAIL®

.5 Lb 5.10 Oz
RDC 04

EXPECTED DELIVERY DAY: 11/30/22

C027

SHIP TO:
600 S MAESTRI PL
STE 115
NEW ORLEANS LA 70130-3440

USPS SIGNATURE® TRACKING #

9510 8128 4917 2332 6401 57

